I respectfully dissent from the majority's finding that plaintiff has sustained a psychological injury as a result of the work related motor vehicle collision based on the testimony of Patricia Gross, Ph.D.
First of all, Dr. Gualtieri not only had the benefit of all of the medical records and information available to Patricia Gross, Ph.D. but he also reviewed the pre-injury psychiatric information of the plaintiff. There is no evidence that Patricia Gross, Ph.D. observed something in her examinations of plaintiff that was not available to Dr. Gualtieri. Importantly, there is significant pre-injury medical information that was available to Dr. Gualtieri that was not known to Patricia Gross, Ph.D. which effects the conclusions that each of them reached and the competency of their opinions. In particular, Patricia Gross, Ph.D. didnot review any of plaintiff's psychiatric records prior to the August 1994 accident. [Depo, Patricia Gross, Ph.D., p. 14]. In contrast, Dr. Gualtieri was aware of plaintiff's pre-injury psychiatric treatment and explained that this information has a direct bearing on whether the neuropsychological tests subsequently performed on plaintiff indicate that plaintiff sustained a brain injury as suspected by Patricia Gross, Ph.D. [Depo, Thomas Gualtieri, M.D., p. 25]
Patricia Gross, Ph.D. did not examine plaintiff until more than four years after the accident. [Depo, Patricia Gross, Ph.D. (December 20, 2000), p. 12] She relied upon plaintiff's inaccurate history of his post-accident condition in formulating her opinion. Although she opined that plaintiff sustained a brain injury based on reports to her, from plaintiff, that plaintiff had sustained a loss of consciousness from the accident, Patricia Gross, Ph.D. conceded that her opinion was dependent on the truthfulness of plaintiff in reporting his history. [Depo, Patricia Gross, Ph.D. (December 20, 2000), p. 15] Patricia Gross, Ph.D. testified that she has some indications that plaintiff was "less than forthright" in reporting his history. [Depo, Patricia Gross, Ph.D. (December 20, 2000), p. 12] Significantly, plaintiff reported a loss of consciousness, which is not supported by his post-accident medical record, and plaintiff denied use of illegal, street drugs, which is also contradicted by his medical records.
Dr. Gualtieri explained that plaintiff's medical records revealed two pre-existing problems which are significant to understanding the issue of causation: first, plaintiff has a history of severe depression; and second, he had a problem with chronic abuse of drugs and alcohol. Ultimately, Dr. Gualtieri finds that there is no competent medical evidence that plaintiff sustained a concussion or other brain injury from the August 1994 accident, and that there is no competent medical evidence to relate plaintiff's psychiatric condition to the August 1994 accident.
Dr. Gualtieri explained that the opinion of Patricia Gross, Ph.D. is not complete because she was under the mistaken belief that pre-accident plaintiff was an out-going, family-oriented, dedicated employee, with an occasional temper outburst about once a year. Significantly missing from the history provided to Patricia Gross, Ph.D. was that plaintiff had a long-standing problem with alcohol and drugs and the fact that plaintiff self-inflicted a gunshot wound after an argument with his wife. The opinion of Patricia Gross, Ph.D. was contaminated by her misunderstanding of the events; she believed the accident was more severe, that plaintiff's symptoms started after the accident, and was not aware of plaintiff's prior medical history and his on-going drug and alcohol abuse. [Depo, Thomas Gualtieri, M.D., p. 35] Therefore, the opinion of Dr. Gualtieri, who is a medical doctor with a specialization in psychiatry, should be given greater weight than a psychologist in the area of diagnosis and causation.
There is no competent evidence, as demonstrated by the records of Dr. Lombardi and the testimony of Dr. Gualtieri, that the accident caused or contributed to plaintiff's pre-existing psychiatric condition or that the accident resulted in continued, or permanent disability, beyond that necessary for the compensable injury to his right arm and left leg.
Thus, I dissent from the majority's findings of facts and conclusions of law that suggest that plaintiff sustained a psychiatric injury from the compensable accident.
 S/_______________ DIANNE C. SELLERS COMMISSIONER